Dear Dr. Hensley:
This letter is in response to your opinion request asking:
 "1. Is it a conflict of interest for a member of the State Advisory Council on Alcoholism and Drug Abuse to present to the council for recommendation to the Director of the Department of Mental Health a grant proposal for a program which he serves as project director?
 "2. Would it be a conflict of interest under Missouri law for a member of the State Advisory Council on Alcoholism and Drug Abuse to serve as project director of a program recommended by the council to receive an Alcoholism and Drug Abuse grant from the Department of Mental Health?
You also state:
 "One of the members of the State Advisory Council on Alcoholism and Drug Abuse is the project director of a group which has submitted a proposal to the Department of Mental Health for a grant to conduct a program relating to Alcoholism and Drug Abuse. The member in question made the presentation of the proposal to the council. He then abstained from voting on the question. The council approved the grant application and recommended that I, as Director of the Department, award the grant. Some members of the council including the chairman have indicated to me that the action of the council was inappropriate in light of what they believed to be a conflict of interest as described above.
 "Although I generally rely upon the recommendations given to me by an Advisory Council, I wish to have your advice on these questions before I make my decision whether or not to award the grant. The contract for the grant has not been presented to me for my signature."
The conflict of interest law which is in effect at this time is Sections 105.450 to 105.495, RSMo.
It is our understanding that the Missouri Advisory Council on Alcoholism and Drug Abuse is created pursuant to Section 202.022, RSMo Supp. 1975. Under that section, the Council consists of thirty-two persons having professional, research or personal interest in alcohol and drug problems. Under Section 9.8 of the Omnibus State Reorganization Act, such Council was transferred by a type II transfer to the Department of Mental Health. Also, under such act, the members of the Council are appointed by the Mental Health Director.
Further, it is our understanding that the Department of Mental Health is the state agency designated to carry out the purposes of the federal law with respect to such grant. Under 42 U.S.C. § 4573(a)(3) such state plan must provide for the designation of a State Advisory Council to consult with the state agency in carrying out the plan.
Nothing in the state or federal law that we are able to find indicates that the Missouri Advisory Council on Alcoholism and Drug Abuse is anything more than advisory with respect to the award of such grants. The members of the State Advisory Council for Alcoholism and Drug Abuse do not have control over the actions of the Director of Mental Health nor do such members have authority to make the ultimate determination with respect to the awarding of such grants. Such determination is wholly the prerogative of the Director of the Department of Mental Health. We also understand that the Council's role in the implementation of such grants is also advisory.
The conflict of interest laws are penal in nature. Penal laws are generally strictly construed, and matters and things which are not clearly included cannot be brought within the operation of such statutes by construction. State v. Reid, 28 S.W.2d 172
(Mo. 1894); Section 1.020, V.A.M.S., Penal Statutes #152. Illustrative of the strict construction of such conflict of interest laws is the holding of the Missouri Court of Appeals, Kansas City District, inState ex rel. Stewart v. King, No. KCD 29130, decision filed January 30, 1978; Per Curiam filed February 27, 1978 (not yet reported in official reports).
Therefore, we are of the view that under the current law there is no prohibited conflict of interest where the member of the State Advisory Council on Alcoholism and Drug Abuse presents to the Council for recommendation to the Director of the Department of Mental Health a grant proposal for a program in which he serves as project director.
We further believe that there would be no such prohibited conflict of interest if a member of the Council served as project director of a program recommended by the Council to receive such grants.
We do not pass upon the application of any federal law which may or may not exist concerning such a situation.
Very truly yours,
 JOHN ASHCROFT Attorney General